OTTO O. LEE (SBN 173987)
olee@iplg.com
KEVIN VIAU (SBN 275556)
kviau@iplg.com
LEILA N. SOCKOLOV (SBN 282946)
lsockolov@iplg.com
JENNY HONG-GONZALEZ (SBN 297039)
jhonggonzalez@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Defendant JOHN DOE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 67.170.214.219,<br><br>Defendant. | Case No.: 3:18-CV-02019-EDL<br><br>**DEFENDANT JOHN DOE'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO COMCAST SEEKING IDENTITY INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH**<br><br>Date: August 14, 2018<br>Time: 9:00 a.m.<br>Dept: Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 14, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom E on the 15th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant John Doe subscriber assigned IP address

67.170.214.219, will and hereby does move this court for an order quashing the subpoena issued by Plaintiff Strike 3 Holdings, LLC, on or about May 31, 2018, served on non-party Comcast in the District Court for the Northern District of California.  The subpoena seeks the identity of the moving party, John Doe.

As discussed in the memorandum below, the Plaintiff's subpoena should be quashed because (1) the subpoena presents an undue burden under Rule 45 and the Order would protect John Doe under Rule 26; and (2) the subpoena will not identify the offender and accordingly does not advance plaintiff's claim.  This motion, made pursuant to Federal Rule of Civil Procedure 45(c) is based on this notice, the attached memorandum of points and authorities, all accompanying declarations and exhibits, and on such oral argument as may be received by this Court.

Dated: July 9, 2018            By:     */s/ Leila N. Sockolov*
                                       Otto O. Lee, Esq.
                                       Kevin Viau, Esq.
                                       Leila N. Sockolov, Esq.
                                       Jenny Hong-Gonzalez, Esq.
                                       INTELLECTUAL PROPERTY LAW GROUP LLP
                                       12 South First Street, 12th Floor
                                       San Jose, California 95113
                                       Telephone: (408) 286-8933
                                       Facsimile: (408) 286-8932
                                       *Attorneys for Defendant John Doe*

- 2 -

Case No.: 3:18-cv-02019
DEFENDANT'S MOTION TO QUASH SUBPOENA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Movant-defendant John Doe subscriber assigned IP address 67.170.214.219 ("John Doe"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 45(c)(3), moves this Court for an Order Quashing the Subpoena issued to and served upon Comcast, which is this defendant's Internet Service Provider ("ISP"), and which seeks documents that identify this defendant's name and address. The Subpoena is dated May 31, 2018, and returnable August 9, 2018.

Defendant John Doe submits that such an Order is warranted because (1) the subpoena presents an undue burden under Rule 45 and the Order would protect John Doe under Rule 26; (2) the subpoena seeks information not directed to advancing plaintiff's claim; and (3) per Rule 26(b)(1), the subpoena "is not relevant to any party's claim or defense."

## II.  STATEMENT OF FACTS

### A.  Relevant Procedural History

Plaintiff filed a Complaint on April 2, 2018 (ECF No. 1), against John Doe subscriber assigned IP address 67.170.214.219, alleging copyright infringement.  Plaintiff allegedly owns the relevant rights to the unnamed works listed on Exhibit A attached to plaintiff's Complaint, which it claims as the basis for this suit.  Plaintiff alleges that defendant downloaded plaintiff's works, consisting of adult films.  *See* ECF Doc. 1-1.

On May 3, 2018, plaintiff filed a motion seeking an Order for early discovery from this Court (ECF No. 8), which was granted on May 10, 2018 (ECF No. 9).  Plaintiff then served Comcast, defendant's internet service provider ("ISP"), with a Subpoena, which seeks John Doe's name and address.  Comcast sent these documents to defendant.  *See* Subpoena dated May 31, 2018, with Order filed May 10, 2018.

### B. Overview of Mass "John Doe" Litigation

This case is the latest installment in a wave of mass "John Doe" copyright troll infringement lawsuits that have swept through district courts around the country. Certain features have become hallmarks of this brand of litigation: after obtaining the ex parte discovery, subscribers are faced with a choice of to settle or try to clear their name, whether or not they have ever infringed any copyright, and whether or not they have ever heard of the BitTorrent protocol. As plaintiffs know, a subscriber's decision to settle often is wholly unrelated to whether or not they have infringed any copyrighted work, and is influenced solely by a desire to avoid the embarrassment and legal expense required to establish innocence.

Plaintiffs may continue to threaten future suits until the statute of limitations expires, despite the clear lesson of the recent wave of suits: only a small fraction of those threatened are ever served in a copyright infringement action. The reason is simple: plaintiffs have no idea whether the subscriber committed copyright infringement, and, if they *actually* served a summons and complaint on a subscriber (rather than simply threatening to do so), they would immediately expose themselves to potential liability for costs and attorney fees under 17 U.S.C.§ 505.

## III. LEGAL ARGUMENT

### A. Undue Annoyance and Embarrassment

Defendants may move to quash a subpoena under Federal Rules of Civil Procedure 26 and/or 45 when the subpoena will subject her, him, or it to undue burden, annoyance and/or embarrassment. As one court explained, "once the plaintiff obtains the identities of the IP subscribers through early discovery, it serves the subscribers with a settlement demand . . . the subscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle. . ." *MCGIP v. Does 1-149*, No. 11-02331 (ECF No. 14 at note 5), 2011 WL 4352110, at *4 (N.D. Cal. Sept. 16,

2011).  *See also On the Cheap, LLC, v. Does 1-5011*, No. C10-4472 (ECF No. 66 at 11), 2011 WL 4018258 at *11 (N.D. Cal. Sept. 6, 2011) (plaintiff's settlement tactics leave defendants with "a decision to either accept plaintiff's demand or incur significant expense to defend themselves" and finding that this does not "comport with the 'principles of fundamental fairness'").

Court have recognized that plaintiffs "would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the settlement demand.  This creates great potential for a coercive and unjust settlement.'" *SBO Pictures, Inc., v. Does 1-3,036*, No. 11-4220 (ECF No. 14 at 8), 2011 WL 6002620, at *8 (N.D. Cal. Nov. 30, 2011) (quoting *Hard Drive Prods., Inc., v. Does 1-130,* No. C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 at *9 (N.D. Cal. Nov. 16, 2011).

As the Central District noted, "[t]he Court has previously expressed concern that in pornographic copyright infringement lawsuits like these, the economics of the situation makes it highly likely for the accused to immediately pay a settlement demand.  Even for the innocent, a four-digit settlement makes economic sense over fighting the lawsuit in court – not to mention the benefits of preventing public disclosure (by being named in a lawsuit) of allegedly downloading pornographic videos." *Ingenuity 13 LLC. v. John Doe,* No. 12-8333 (ECF No. 48 at 7) (C.D. Cal. Feb. 7, 2013). Another court confirmed, "[T]he court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)." *Hard Drive Prods., Inc. v. Does 1-90,* No. 11-03825 (ECF No. 18 at 11), 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012).

- 5 -

Case No.: 3:18-cv-02019
DEFENDANT'S MOTION TO QUASH SUBPOENA

In a July 6, 2015, decision, the Southern District of New York Court denied the plaintiff permission to issue a Rule 45 subpoena:

> Recent empirical studies show that the field of copyright litigation is increasingly being overtaken by "copyright trolls," roughly defined as plaintiffs who are "more focused on the business of litigation than on selling a product or service or licensing their [copyrights] to third parties to sell a product or service." Matthew Sag, *Copyright Trolling, An Empirical Study,* 100 IOWA L. REV. 1105, 1108 (2015). "The paradigmatic troll plays a numbers game in which it targets hundreds or thousands of defendants, seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim." *Id.* The lawsuits most frequently target anonymous John Does for alleged infringement related to the use of BitTorrent. Indeed, of "the 3,817 copyright law suits filed in 2013, over 43% were against John Does and more than three-quarters of those related to pornography." *Id.* at 1108-09. But almost none ever reaches a hearing. Rather, the 'lawsuits are filed to take advantage of court ordered discovery [under Fed. R. Civ. P. 26(d)] to break the veil of anonymity that separates IP addresses from the account information of actual human beings.' *Id.* at 1109; *see also Digital Sin, Inc. v. Does 1-176,* 279 F.R.D. 239, 241 (S.D.N.Y. 2012). They then use this information to quickly negotiate settlements on mass scale without any intention of taking the case to trial. *See, e.g., Media Prods., Inc., DBA Devil's Film v. John Does 1-26,* No. 12-cv-3719, at 4 (S.D.N.Y. June 18, 2012) (explaining that the settlements in these BitTorrent cases are "are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls.").

*Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369 (ECF No. 10 at 5-6) (S.D.N.Y. July 6, 2015) (Hellerstein, J.) (emphasis added).

Because of the track record and tactics of plaintiffs like Strike 3 Holdings, LLC, herein, this defendant's privacy interests are at stake and defendant no doubt will be subjected to annoyance, harassment, and undue burden and expense if this Court does not grant the requested relief or otherwise prohibit plaintiff from obtaining Movant's identity and address.

### B.     Plaintiff's Discovery Request Will Not Identify the Alleged Offender

Plaintiff's subpoena must be quashed because plaintiff will be unable to show that any actual infringer is the subscriber John Doe, and not some third person in this defendant's business or household, or a family guest or customer, or a neighbor, or a stranger driving by who may have hacked or leeched this defendant's internet access.

As the Central District noted in a series of these cases a couple of years ago

> The subscriber information is not a reliable indicator of the actual infringer's identity. Due to the proliferation of wireless internet and wireless-enabled mobile computing (laptops, smartphones, and tablet computers), it is commonplace for internet users to share the same internet connection, and thus, share the same IP address. Family members, roommates, employees, or guests may all share a single IP address and connect to BitTorrent.  If the subscriber has an unsecured network, it is possible that the actual infringer could be a complete stranger standing outside the subscriber's home, using the internet service and who's internet activity is being attributed to the unknowing subscriber's IP address. Thus, obtaining the subscriber information will only lead to the person paying for the internet service and not necessarily the actual infringer.
>
> It is even more unlikely that early discovery will lead to the identities of Defendants given how commonplace internet usage outside one's home has become. An increasing number of entities offer publically-accessible internet service; consider coffee shops, workplaces, schools, and even cities. Mobile-computing allows internet users and copyright infringers, to connect to the internet in any such location. A given entity may have hundreds or thousands of users in a one to two-month period. Obtaining the subscriber information in these cases will only lead to name of the entity and is unlikely to yield any identifying information about the actual infringer. Accordingly, granting early discovery for the subscriber information is not very likely to reveal the identities of Defendants.

*Malibu Media, LLC, v. John Does,* No. 2:12-01642 (ECF No. 32 at 4-5) (D.C. Cal. Oct. 10, 2012) (internal citations omitted).

Plaintiff here cannot demonstrate that the requested discovery will even lead to identification of the proper John Doe defendant.  The prevailing accepted wisdom in district courts across the country is that an IP address does not equate to the infringer of a plaintiff's copyright and that merely identifying the individual who pays the internet bill associated with a particular ISP account does not identify the individual who may have infringed a copyright via that IP address.  As the court in *SBO Pictures* understood, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." *SBO Pictures, Inc.*, *supra*, 2011 WL 6002620, at *3.  *See also VPR Internationale v. Does 1-1,017,* No. 11-02068 (ECF No. 15 at 2 ), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . . The infringer might be

the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

"Several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." *Malibu Media, LLC v. Doe,* No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); *see Patrick Collins, Inc. v. Doe 1,* 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (an IP address is insufficient to identify an infringer because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); *Patrick Collins, Inc. v. John Does 1-4,* No. 1:12-cv-02962 (ECF No. 7 at 2), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) (Baer, J.) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer."). (All cases cited in *Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101,* No. 0:15-cv-60446 (ECF No. 10) (S.D. Fla. April 8, 2015)).

Indeed, other decisions have noted the non-connection between a mere IP address and the actor:

> The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer. Indeed, the true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering internet connection." *Patrick Collins, Inc. v. Does 1-6,* No. 1:12-cv-02964 (ECF No. 7), 2012 WL 2001957, at *1 (S.D.N.Y. June 1, 2012) (Oetkin, J.) (internal citations omitted); *see also In re BitTorrent Adult Film Copyright Infringement Cases,* No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) ("[T]he assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded a single sexually explicit film is tenuous, and one that has grown more so over time."); *Digital Sin, Inc. v. John Does 1-176,* 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (Nathan, J.) (Judge Nathan finding that approximately **30% of John Does identified by their internet service providers are not the individuals who actually downloaded the allegedly infringing films**). The risk of misidentification is great in a world with ubiquitous Wi-Fi, and given courts' concerns that these sorts of allegations - especially by this plaintiff - are likely to coerce even innocent defendants into settling, the risk of misidentification is important to protect against.

- 8 -

Case No.: 3:18-cv-02019
DEFENDANT'S MOTION TO QUASH SUBPOENA

*Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369 (ECF No. 10 at 9-10) (S.D.N.Y. July 6, 2015) (emphasis added). [1]

Thus, because the discovery sought by plaintiff in this case only will identify the ISP subscriber and not the infringer, the discovery sought in the subpoena is not likely to lead to the identity of the allegedly infringing Doe defendant or allow plaintiff to effectuate service thereon. Defendant submits that this Court should heed the concerns expressed, *supra*, (1) about the coercive procedures typically utilized by plaintiffs to extract and extort settlements from putative defendants; and (2) disclosing defendant's name and address will reveal only the internet subscriber – not a person likely to have committed the acts complained of (if they were committed at all). Accordingly, there is good cause for this Court to Quash the Subpoena issued to Comcast to prevent the release of this defendant's identity.

//

---

[1] Courts in other districts also have concluded that an IP address "may not be a sufficient basis on which a plausible claim can lie against a subscriber." *Malibu Media, LLC v. Doe,* No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); *see Elf- Man, LLC v. Cariveau,* No. 2:13-00507 (ECF No. 78), 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers."); *Malibu Media, LLC v. Tsanko,* No. 12-3899, 2013 WL 6230482, at *10 (D.N.J. Nov. 30, 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that defendant is the alleged infringer that subscribed to this IP address, but plausibility is still the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers,* No. 3:12-cv-01519 (ECF No. 14), 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers,* No. 12-cv-1519, 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."). *Accord*, *Manny Film, LLC, v. John Doe Subscriber Assigned IP Address 66.229.140.101,* No. 0:15-cv-60446 (ECF No. 10) (S.D. Fla. April 8, 2015).

- 9 -

Case No.: 3:18-cv-02019
DEFENDANT'S MOTION TO QUASH SUBPOENA

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

## IV. CONCLUSION

Plaintiff herein names John Doe in this suit based solely on the allegation that John Doe's geographical location was assigned the IP address through which someone allegedly downloaded various works. As recognized by multiple courts throughout this country, this is an inappropriate basis for turning over defendant's name and address to plaintiff. For the reasons above, John Doe respectfully requests that the Court enter of an order quashing the subpoena issued to ISP Comcast to prevent it from divulging defendant's name, address and other identifying information.

Dated: July 9, 2018          By:     */s/ Leila N. Sockolov*
                                     Otto O. Lee, Esq.
                                     Kevin Viau, Esq.
                                     Leila N. Sockolov, Esq.
                                     Jenny Hong-Gonzalez, Esq.
                                     INTELLECTUAL PROPERTY LAW GROUP LLP
                                     12 South First Street, 12th Floor
                                     San Jose, California 95113
                                     Telephone: (408) 286-8933
                                     Facsimile: (408) 286-8932
                                     *Attorneys for Defendant John Doe*

# CERTIFICATE OF SERVICE

I certify that on July 9, 2018, I electronically filed the foregoing DEFENDANT JOHN DOE'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO COMCAST SEEKING IDENTITY INFORMATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH using the Court's CM/ECF system, which will provide service of such filing by email to the following parties:

Lincoln D. Bandlow, Esq.
Fox Rothschild, LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Email: LBandlow@foxrothschild.com

*Attorneys for Plaintiff*

By:    */s/ Leila N. Sockolov*
       Leila N. Sockolov

- 11 -

Case No.: 3:18-cv-02019
DEFENDANT'S MOTION TO QUASH SUBPOENA