1  OTTO O. LEE (SBN 173987)
   olee@iplg.com
2  KEVIN VIAU (SBN 275556)
   kviau@iplg.com
3  LEILA N. SOCKOLOV (SBN 282946)
   lsockolov@iplg.com
4  JENNY HONG-GONZALEZ (SBN 297039)
   jhonggonzalez@iplg.com
5  INTELLECTUAL PROPERTY LAW GROUP LLP
   12 South First Street, 12th Floor
6  San Jose, California 95113
   Telephone: (408) 286-8933
7  Facsimile: (408) 286-8932
8
9  Attorneys for Defendant JOHN DOE subscriber assigned IP address 67.170.214.219
10

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  STRIKE 3 HOLDINGS, LLC,                Case No.: 3:18-CV-02019-EDL

16              Plaintiff,                 **DECLARATION OF ATTORNEY LEILA N.
                                           SOCKOLOV IN SUPPORT OF
17              v.                         DEFENDANT JOHN DOE'S MOTION TO
                                           QUASH SUBPOENA**
18
    JOHN DOE subscriber assigned IP address
19  67.170.214.219,                        Date: August 14, 2018
                                           Time: 9:00 a.m.
20              Defendant.                 Dept:  Courtroom E, 15th Floor
                                           Hon. Elizabeth D. Laporte
21

22

23      I, Leila N. Sockolov, declare as follows:

24      1.      I am an attorney at law duly admitted before the State of California, and associate with

25  Intellectual Property Law Group LLP, counsel for Defendant JOHN DOE subscriber assigned IP

26  address 67.170.214.219.  The matters set forth herein are based upon my personal knowledge.  If

27  called as a witness in this matter I could and would testify competently hereto.

28      2.      This declaration is made pursuant to Local Rule 37-1.

                                           - 1 -

3.      Attached as Exhibit A is a true and correct copy of Plaintiff's May 31, 2018 Subpoena to Comcast and the Court's May 10, 2018, Order on Ex-Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference.

4.      On July 6, 2018, I spoke with Plaintiff's counsel, Lincoln D. Bandlow, regarding third-party Comcast's deadline of July 9, 2018, for Defendant John Doe to file a Motion to Quash, if any.  Mr. Bandlow explained that he was unable to put the subpoena "on hold" due to plaintiff's tight service deadlines.

5.      On July 9, 2018, I left Mr. Bandlow a voice message to meet and confer further.  I sent a follow-up email, explaining that Defendant John Doe would file a Motion to Quash on the basis that John Doe is innocent of the allegations contained in the Complaint.  Plaintiff's counsel responded, and further correspondences followed.  True and correct copies of these communications are attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct. Executed at San Jose, California on July 9, 2018.


By:      */s/ Leila N. Sockolov*
         Leila N. Sockolov

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

Case No.: 3:18-cv-02019
DECLARATION OF SOCKOLOV IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SUBPOENA

Exhibit A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of California

| STRIKE 3 HOLDINGS, LLC | Civil Action No.: 3:18-cv-02019-EDL |
|---|---|
| _Plaintiff_ | |
| v. | |
| John Doe subscriber assigned IP address 67.170.214.219, | |
| _Defendant._ | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Comcast Cable Communications, LLC
c/o  C T Corporation System
     818 West Seventh Street - Suite 930
     Los Angeles, California 90017

**Serve:  Via Certified Mail**

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name AND address ONLY** of the defendant John Doe listed in the below chart **AFTER** expressly following the instructions and limitations outlines by the Court in the attached Order.

| IP Address | Date/Time UTC |
|---|---|
| 67.170.214.219 | 01/17/2018 05:18:05 |

| Attn: Place: | Lincoln Dee Bandlow, Esq.<br>Fox Rothschild LLP<br>10250 Constellation Boulevard, Suite 900<br>Los Angeles, CA 90067<br>T: (310) 598-4150<br>F: (310) 556-9828<br>E-mail: lbandlow@foxrothschild.com | Date and Time:<br><br>August 9, 2018 @ 5:00 PM EST |
|---|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     5/31/2018

                      *CLERK OF COURT*

                                         OR

                                                      */s/ Lincoln D. Bandlow*

                    *Signature of Clerk or Deputy Clerk*                     *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *Plaintiff*, who issues or requests this subpoena, are:

       Lincoln D. Bandlow, Esq.
       Fox Rothschild LLP
       10250 Constellation Boulevard, Suite 900
       Los Angeles, CA 90067
       T: (310) 598-4150; F: (310) 556-9828; E-mail: lbandlow@foxrothschild.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9            **NORTHERN DISTRICT OF CALIFORNIA**
10                  **SAN JOSE DIVISION**
11   STRIKE 3 HOLDINGS, LLC,                | Case Number: 3:18-cv-02019-EDL
12                      Plaintiff,          | **[PROPOSED]** ORDER ON *EX-PARTE*
                                            | **APPLICATION   FOR   LEAVE   TO**
13   vs.                                    | **SERVE   THIRD   PARTY   SUBPOENA**
                                            | **PRIOR   TO   A   RULE   26(f)**
14   JOHN DOE subscriber assigned IP address | **CONFERENCE**
     67.170.214.219,
15
                        Defendant.
16

17         **THIS CAUSE** came before the Court upon Plaintiff's *Ex-Parte* Application for Leave

18   to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (the "Application"), and the

19   Court being duly advised does hereby:

20         **FIND, ORDER AND ADJUDGE:**

21         1.      Plaintiff has established that "good cause" exists for it to serve a third party

22   subpoena on Comcast Cable Communications, LLC (hereinafter the "ISP"). *See UMG*

23   *Recording, Inc. v. Doe,* 2008 WL 4104214, *4 (N.D. Cal. 2008); and *Arista Records LLC v.*

24   *Does 1-19,* 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008);

25         2.      Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to

26   provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an

27

28                                          1

1  IP address as set forth on Exhibit A to the Complaint.  Plaintiff shall attach to any such

2  subpoena a copy of this Order;

3       3.     The ISP shall serve a copy of the subpoena and a copy of this order to the

4  subscriber within 30 days of the date of service on the ISP. The ISP may serve the subscribers

5  using any reasonable means, including written notice sent to the subscriber's last known

6  address, transmitted either by first-class mail or via overnight service;

7       4.     If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),

8  which states:

9            the term "cable operator" means any person or group of persons

10     (A)   who provides cable service over a cable system and directly or through one

11          or more affiliates owns a significant interest in such cable system, or

12     (B)   who otherwise controls or is responsible for, through any arrangement, the

13          management and operation of such a cable system.

14  it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

15      A cable operator may disclose such [personal identifying] information if the

16      disclosure is . . . made pursuant to a court order authorizing such disclosure, if

17      the subscriber is notified of such order by the person to whom the order is

18      directed.

19  by sending a copy of this Order to the Defendant; and

20       5.     Plaintiff may only use the information disclosed in response to a Rule 45

21  subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set

22  forth in its Complaint.

23       6.     Each subscriber and the ISP shall have 30 days from the date of service upon

24  him, her, or it to file any motions in this court contesting the subpoena (including a motion to

25  quash or modify the subpoena). If the 30-day period lapses without the subscriber contesting the

26  subpoena, the ISP shall have 10 days to produce to Plaintiff the information responsive to the

27  subpoena with respect to that subscriber.

28                                 2

1       7.     The ISP shall preserve all subpoenaed information pending the ISP's delivering

2   such information to Plaintiff or the final resolution of a timely filed motion to quash the

3   subpoena with respect to such information.

4       8.     If the ISP produces information regarding the identity of Defendant to Plaintiff,

5   Plaintiff shall not publicly disclose that information until Defendant has an opportunity to file a

6   motion with this Court to be allowed to proceed in this litigation anonymously and that motion

7   is ruled on by the Court. If Defendant fails to file a motion for leave to proceed anonymously

8   within 30 days after he or she receives notice that his or her information is disclosed to Plaintiff,

9   this limited protective order will expire. If Defendant includes identifying information in his or

10  her request to proceed anonymously, the Court finds good cause to order the papers filed under

11  seal until the Court has an opportunity to rule on the request. See Digital Sin, 2011 WL

12  5362068, at *4. In the event Defendant's request is placed under seal, the Court will direct

13  Defendant to submit a copy of the under-seal request to Plaintiff and will ensure that Plaintiff

14  has time to respond.

15  **DONE AND ORDERED.**

16  

17  Dated: May 10, 2018

    By: *Elizabeth D. Laporte*

18         The Honorable Elizabeth D. Laporte

       **UNITED STATES MAGISTRATE JUDGE**

19  

20  

21  

22  

23  

24  

25  

26  

27  

28                        3

Exhibit B



Leila Sockolov <lsockolov@iplg.com>

# Strike 3 Holdings, LLC v. John Doe CAND1104

**Leila Sockolov** <lsockolov@iplg.com>                                                    Mon, Jul 9, 2018 at 10:01 AM
To: "Bandlow, Lincoln" <lbandlow@foxrothschild.com>
Cc: Otto Lee <olee@iplg.com>

Dear Mr. Bandlow:

I am following up on our telephone discussion of last Friday (and my phone message of a few minutes ago) regarding the subpoena to Comcast. While I am hopeful that we can resolve this entire matter amicably, today is Comcast's deadline by which the John Doe defendant must file a motion to quash, if at all.

I intend to file that motion to quash today. The basis, primarily, is that the Comcast subpoena will not reveal the identity of the alleged offender. Despite this, after identity is revealed, my client will then be in the position of settling for a offense that he/she/it did not commit, or face the embarrassment that comes with these allegations, even when innocent.

To reiterate: my client, "John Doe," did <u>not</u> commit the acts alleged in the complaint. If you are willing to withdraw the subpoena, please let me know.

Best regards,

Leila N. Sockolov, Esq.

## Intellectual Property Law Group LLP

San Jose Office
12 South First Street, 12th Floor
San Jose, California 95113
T: 1 (408)286-8933
F: 1 (408)286-8932



<><><><><><><><><><><><><><><><><><><><><><><><><><><><><>

CONFIDENTIAL PRIVILEGED

 This e-mail message is intended for the sole use of the named. recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please immediately destroy all copies of the original message and contact the sender by reply e-mail. Thank You.



Leila Sockolov <lsockolov@iplg.com>

---

## Strike 3 Holdings, LLC v. John Doe CAND1104

**Bandlow, Lincoln** <lbandlow@foxrothschild.com>                    Mon, Jul 9, 2018 at 10:41 AM
To: Leila Sockolov <lsockolov@iplg.com>

Leila,

I'm confused, we have a confidentiality agreement in place.  If your client is not responsible, the investigation will reveal that.  I cannot do anything until you provide me with the necessary information.  Filing a MTQ will only delay resolving the case, cause more work for both you and I and in most cases be denied – and will likely drive up the settlement demand. Are you willing to provide me with the information?

Please advise.

**Lincoln Bandlow**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd., Suite 900

Los Angeles, CA 90067
(310) 228-2913 - direct
(310) 556-9828- fax
lbandlow@foxrothschild.com
www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.



Leila Sockolov <lsockolov@iplg.com>

---

## Strike 3 Holdings, LLC v. John Doe CAND1104

**Leila Sockolov** <lsockolov@iplg.com>                                    Mon, Jul 9, 2018 at 12:20 PM
To: "Bandlow, Lincoln" <lbandlow@foxrothschild.com>

My understanding is the confidentiality provision covers only settlement discussions, so a motion to quash would be necessary in the event that we are not able to come to a resolution in the next 35 days or so.

Regarding providing you with the information, I am merely waiting for my supervising attorney to return from his overseas travel so I can get a "green light" before releasing information.  He should be back in the office tomorrow, if not this afternoon.


Best regards,

Leila N. Sockolov, Esq.

### Intellectual Property Law Group LLP
San Jose Office
12 South First Street, 12th Floor
San Jose, California 95113
T: 1 (408)286-8933
F: 1 (408)286-8932



**A *DAILY JOURNAL* TOP IP BOUTIQUE FIRM**
SILICON VALLEY • LOS ANGELES • SAN DIEGO • FRESNO


<><><><><><><><><><><><><><><><><><><><><><><><><><><><><>

CONFIDENTIAL PRIVILEGED

 This e-mail message is intended for the sole use of the named. recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please immediately destroy all copies of the original message and contact the sender by reply e-mail. Thank You.

[Quoted text hidden]



Leila Sockolov <lsockolov@iplg.com>

---

## Strike 3 Holdings, LLC v. John Doe CAND1104

**Bandlow, Lincoln** <lbandlow@foxrothschild.com>                    Mon, Jul 9, 2018 at 1:13 PM
To: Leila Sockolov <lsockolov@iplg.com>

Leila,

We have already agreed to keep your client's information private – but you are talking about moving to quash a subpoena so that the ISP will not give us the information even though you have agreed we can have the information! If keeping your client's name from being released in connection with any further proceedings in the matter is the issue, we always stipulate to the entry of protective orders and would agree your client can proceed anonymously. So save your client the time and money of having to make a motion that is entirely unnecessary. I'm sure we will work this matter out shortly.

**Lincoln Bandlow**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd., Suite 900

Los Angeles, CA 90067
(310) 228-2913 - direct
(310) 556-9828- fax
lbandlow@foxrothschild.com
www.foxrothschild.com

**From:** Leila Sockolov <lsockolov@iplg.com>
**Sent:** Monday, July 09, 2018 12:20 PM
**To:** Bandlow, Lincoln <lbandlow@foxrothschild.com>
**Subject:** [EXT] Re: Strike 3 Holdings, LLC v. John Doe CAND1104

[Quoted text hidden]
[Quoted text hidden]