OTTO O. LEE (SBN 173987)
olee@iplg.com
KEVIN VIAU (SBN 275556)
kviau@iplg.com
LEILA N. SOCKOLOV (SBN 282946)
lsockolov@iplg.com
JENNY HONG-GONZALEZ (SBN 297039)
jhonggonzalez@iplg.com
INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113
Telephone: (408) 286-8933
Facsimile: (408) 286-8932

Attorneys for Defendant JOHN DOE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE subscriber assigned IP address 67.170.214.219,<br><br>　　　　Defendant. | Case No.: 3:18-CV-02019-EDL<br><br>**DEFENDANT JOHN DOE'S REPLY IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA TO COMCAST SEEKING IDENTITY INFORMATION**<br><br>Date: August 14, 2018<br>Time: 9:00 a.m.<br>Dept: Courtroom E, 15th Floor<br>Hon. Elizabeth D. Laporte |

**I.　INTRODUCTION**

Defendant JOHN DOE subscriber assigned IP address 67.170.214.219 respectfully submits this Reply to Plaintiff's Opposition to Defendants' Motion to Quash Plaintiff's Third Party Subpoena to Comcast.

Plaintiff argues that, as a creator of the works-in-suit, its practices render it outside the scope of a "copyright troll." Plaintiff's opposition brief challenges, "Defendant does not even bother citing

any authority either defining or specifically called Strike 3 a 'copyright troll.' Defendant does not because Defendant cannot." (ECF No. 14, p. 4). In response, Defendant provides the following excerpt from the introduction to the 2018 Iowa Law Review Article *Defense Against the Dark Arts of Copyright Trolling* in response: "Over the past six years, a small group of copyright owners has deluged the federal court system with lawsuits against John Doe defendants alleging online copyright infringement. These lawsuits are sometimes directed against a single defendant, sometimes thousands. This new wave of file-sharing lawsuits is, in our view, copyright trolling because of the opportunistic way in which they seek to monetize assertions of infringement. More importantly, we regard these suits as a kind of trolling because the plaintiffs' claims of infringement rely on poorly substantiated form pleadings and are targeted indiscriminately at noninfringers as well as infringers." Matthew Sag & Jake Haskell, *Defense Against the Dark Arts of Copyright Trolling*, 103 Iowa L. Rev. 571, 573 (2018). The article continues, "[w]e refer to the current wave of file-sharing litigation as the 'BitTorrent monetization era'—because the alleged infringement mostly involves the BitTorrent file-sharing protocol and because it appears the objective of the suits is to monetize infringement (or the assertion of infringement), as opposed to the pursuit of compensation or deterrence. This difference in motivation is important. In the normal paradigm of litigation, plaintiffs pursue their rights in court to seek compensation or to deter future wrongdoing. Litigation thus rights a private wrong and also performs a public good. The plaintiffs (or possibly the lawyers and litigation service providers) behind the current wave of file-sharing litigation are more interested in taking advantage of copyright law's generous statutory damages provisions to monetize little more than the assertion of infringement." *Id.* at 576-577.

    Plaintiff's mass litigation practices are at odds with a targeted approach aimed toward compensation and deterrence. Defendant's Motion to Quash should be granted because Plaintiff's

- 2 -

Case No.: 3:18-cv-02019
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

subpoena constitutes annoyance and embarrassment and because it does not target the infringer (if any).

## II. ARGUMENT

### A. Plaintiff's Subpoena Should be Quashed to Prevent Annoyance, Embarrassment, and Oppression.

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from *annoyance, embarrassment, oppression, or undue burden or expense,* including one or more of the following: (A) forbidding the disclosure or discovery." (Emphasis added). Although Plaintiff's opposition brief focuses on "undue burden," Plaintiff's subpoena should be quashed due to the undue the annoyance and embarrassment that Defendant will face if identify is revealed, as Defendant argued in its moving papers.

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. *See Washington v. Thurgood Marshall Acad.,* 230 *F.R.D.* 18, 21 (D.D.C. 2005). Defendant herein has a clear personal and proprietary interest in the personal details sought. Congress recognizes that subscribers have a privacy interest in their personally identifying information retained by ISPs. *See* H.R. Rep. 98-934 (1984), *reprinted in* 1984 U.S.C.C.A.N. 4655 at *79 ("The Congress is recognizing a right of privacy in personally identifying information collected and held by a cable company . . .").

Courts addressing the privacy issue in similar contexts show that this defendant has standing because the subpoena implicates defendant's privacy interests. *See Hard Drive Productions, Inc. v. Does 1-48,* No. 11-9062 (ECF No. 28 at 7), 2012 WL 2196038, at 3 (N.D. Ill. June 14, 2012) ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests"). Courts have found standing in similar cases, even where the defendant's privacy interest

INTELLECTUAL PROPERTY LAW GROUP LLP
12 South First Street, 12th Floor
San Jose, California 95113

is "minimal at best." *See, e.g., Malibu Media, LLC v. Does 1-25,* No. 12-362 (ECF No. 27 at 3), 2012 WL 2367555, *2 (S.D. Cal. June 21, 2012). Because defendant John Doe here has at least a minimal privacy interest in the information requested by the subpoena, defendant has standing to object. *Third Degree Films, Inc. v. Does 1-108,* No. 11-3007 (ECF No. 31 at 6), 2012 WL 669055, *2 (D. Md. Feb. 28, 2012) ("however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have 'some personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party").

Numerous other courts, faced with nearly identical BitTorrent lawsuits, have likewise concluded that the account-holder associated with an identified IP address may challenge subpoenas issued to the subscriber's ISPs. *See, e.g., Hard Drive Prods., Inc., v. Does 1-188,* 809 F. Supp.2d 1150 (N.D. Cal. 2011) (order granting Doe's motion to quash); *Boy Racer, Inc., v. Does 1-60,* No. 11-01738 (ECF No. 24) (N.D. Cal. Aug. 19, 2011) (order granting Doe's motion to quash and dismiss Case without prejudice); *Nu Image, Inc., v. Does 1-3932,* No. 11-00545 (ECF No. 244) (M.D. Fla. May 23, 2012) (order granting Doe's motion to quash or, in the alternative, to sever and dismiss); *In Re BitTorrent Adult Film Copyright Infringement Cases,* No. 12-01147 (ECF No. 4), 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting motions to quash from underlying action).

Thus, defendant in this case has standing to challenge the subpoena served on Comcast.

### B.     Good Cause Exists to Quash Plaintiff's Subpoena

Plaintiff hopes to uncover the "true infringer's" identity at a later stage of this litigation. This is not a sufficient basis to obtain the defendant's identity. Where the defendant's identity is unknown and the plaintiff seeks early discovery, the threshold inquiry is "whether the requested early discovery is 'very likely' to reveal the identities of the Doe defendants." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Hard Drive Prods. v. Does 1-90*, No. C 11-03825 HRL, 2012 WL 1094653, at

- 4 -

\*2 (N.D. Cal. Mar. 30, 2012). Plaintiff alleges because ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned, the information sought in the subpoena will enable Plaintiff to identify the true infringer.

Courts have found this argument to be unavailing. "Based on similar reasons discussed above, it is not even reasonably likely that early discovery will lead to Defendants' identities and service of process . . . Further, permitting early discovery in lawsuits involving pornography could have a prejudicial effect on innocent subscribers, rather than identifying the actual infringers. As one judge warned, '[t]his risk of false positives gives rise to 'the potential for coercing unjust settlements from innocent defendants' such as individuals who want to avoid embarrassment of having their name publicly associated with allegations of illegally downloading' adult movies." *Malibu Media LLC v. John Does* 2:12-CV-01642 (ECF No. 32 at 4) (D.C. Cal. Oct. 10, 2012) (internal citation omitted).

Stated another way, "IP addresses are not people. Indeed, IP addresses are often used by multiple people in ways that make it very difficult to be sure who is responsible for what activity. Routers are left unsecured or with factory defaults; passwords are shared with family members, roommates, guests and neighbors; unsecured guest accounts are created and then forgotten; passwords are cracked; passwords are reused across different contexts (and once a password is guessed or compromised in one context it is worthless in all of them); and backdoors are opened up by malware and unsecure devices, including printers and even refrigerators. In addition, there are a variety of ways that a hacker can hide their own IP address by using someone else's. Regardless of whether IP addresses can be tracked reliably in other contexts, they may be particularly unreliable in the BitTorrent context, because the BitTorrent protocol was designed to allow high-bandwidth connections and thus 'does not perform . . . source IP address validation.'" Matthew Sag & Jake

- 5 -

Case No.: 3:18-cv-02019
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

Haskell, *Defense Against the Dark Arts of Copyright Trolling, supra*, 103 Iowa L. Rev. at p. 590 (internal citations omitted).   The article later concludes, "[i]n our view, a court should not allow early discovery to reveal the personal information of the account holder linked to an IP address unless and until the plaintiff presents credible evidence regarding the methodology used to associate the IP address with a particular act of infringement." *Id*. at 607.

Despite the subscriber information not being a reliable indicator of the actual infringer's identity, the subscriber is still the party that faces the plaintiff's pressure and incurs substantial legal fees.  This is a risk that cannot be fully alleviated by a protective order.

## III.   CONCLUSION

For the reasons above, John Doe respectfully requests that the Court enter of an order quashing the subpoena issued to ISP Comcast to prevent it from divulging defendant's name, address and other identifying information.

Dated: July 30, 2018                    By:      */s/ Leila N. Sockolov*
                                                 Otto O. Lee, Esq.
                                                 Kevin Viau, Esq.
                                                 Leila N. Sockolov, Esq.
                                                 Jenny Hong-Gonzalez, Esq.
                                                 INTELLECTUAL PROPERTY LAW GROUP LLP
                                                 12 South First Street, 12th Floor
                                                 San Jose, California 95113
                                                 Telephone: (408) 286-8933
                                                 Facsimile: (408) 286-8932
                                                 *Attorneys for Defendant John Doe*

**CERTIFICATE OF SERVICE**

I certify that on July 30, 2018, I electronically filed the foregoing DEFENDANT JOHN DOE'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA TO COMCAST SEEKING IDENTITY INFORMATION using the Court's CM/ECF system, which will provide service of such filing by email to the following parties:

Lincoln D. Bandlow, Esq.
Fox Rothschild, LLP
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Email: LBandlow@foxrothschild.com

*Attorneys for Plaintiff*

Dated: July 30, 2018           By:     */s/ Leila N. Sockolov*
                                       Leila N. Sockolov