UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.170.214.219,<br><br>    Defendant. | Case No.18-cv-02019-YGR   (EDL)<br><br>**ORDER DENYING MOTION TO QUASH**<br><br>Re: Dkt. No. 14 |

Currently before the Court is Defendant John Doe's motion to quash a subpoena that Plaintiff Strike 3 Holdings, LLC issued to his internet service provider ("ISP"), Comcast Cable Communications ("Comcast"), seeking the subscriber information for the IP address that Plaintiff has connected to the alleged infringement of its copyrights in pornographic films. The motion was referred to the undersigned for disposition. For the following reasons, the Court denies Defendant's motion to quash the subpoena and orders Plaintiff to serve a copy of this order on Comcast.

**I.   BACKGROUND**

Over the last two years, Plaintiff has filed dozens of copyright infringement cases in this District, all of which are initiated with virtually identical complaints. Plaintiff is the owner of adult-content movies that it distributes through its websites. Compl., ¶¶ 2-3. As with the other cases it has filed, Plaintiff alleges that Defendant has used the BitTorrent protocol to download and distribute Plaintiff's movies to others in violation of Plaintiff's copyrights in the material. Compl., ¶ 4. According to the complaint, Defendant has infringed Plaintiff's copyrights in 66 movies over a prolonged period of time. Id. Defendant is known to Plaintiff only by his IP address 67.170.214.219 that is maintained by Comcast. Id., ¶ 5.

After filing the complaint on April 2, 2018, Plaintiff filed an ex parte application for leave to serve an early third-party subpoena on Comcast in order to identify the name and address of the subscriber associated with the IP address that is linked to the allegedly infringing conduct. The Court found that Plaintiff showed good cause to permit early discovery and granted permission for Plaintiff to serve the subpoena on Comcast. Plaintiff served a subpoena on Comcast on May 31, 2018, which was returnable on August 9, 2018.

## II.     LEGAL STANDARD

Rule 45 permits parties in a suit to subpoena non-parties in order to obtain discovery. Fed. R. Civ. P 45(c). However, under Rule 45, a court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Generally, the scope of discovery permitted under Rule 45 is the same as that permitted under Rule 26. Petka v. Mylan Pharm., Inc., 2016 WL 6947589, at *2 (N.D. Cal. Nov. 28, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to ... other discovery rules")). Rule 26 provides for broad discovery of relevant information so long as it is proportional to the needs of the case:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

> Rule 45 provides that:
>> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms

2

requested.

Fed. R. Civ. P. 45(d)(2)(B).  "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Am. Broad. Cos., Inc. v. Aereo, Inc., 2013 WL 1508894, at *3 (N.D. Cal. Apr. 10, 2013).  The objection must be served within 14 days after the subpoena is served or the time specified for compliance, whichever is earlier. Id.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena" for a number of reasons, including that the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).  As a general rule, "a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." Drummond Co., Inc. v. Collingsworth, 2013 WL 6074157, at *15 (N.D. Cal. Nov. 18, 2013) (quoting 9A Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2459 (3d ed. 2008)).

Rule 26 also permits a court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including. . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

## III.   DISCUSSION

The basic premise of Defendant's motion is that the Court should quash the subpoena because Plaintiff is merely part of a trend that brings "John Doe" copyright lawsuits in an attempt to pressure the John Does to settle to avoid the embarrassment and expense of defending the case, regardless of whether he engaged in the copyright infringement as alleged.

As an initial matter, this Court does not have the authority to quash the subpoena pursuant to Rule 45.  Rule 45 provides that "[o]n timely motion, *the court for the district where compliance is required* must quash or modify a subpoena" for a number of reasons, including that the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added).  Here, the subpoena lists Los Angeles, California as the place for compliance. See Leila Decl., ¶ 3, Ex. A.  The court where compliance is required can transfer a Rule 45 motion with the responding party's consent or if the court finds exceptional circumstances, but the parties have completely

3

1 skipped that step and have failed to address this issue altogether. Thus, this Court does not have

2 jurisdiction to entertain this challenge to the subpoena under Rule 45.

3 In addition, "'[b]ecause the subpoena does not obligate Defendant to do or produce

4 anything,' Defendant cannot object to the subpoena on the grounds that it would constitute an

5 undue burden." Strike 3 Holdings, LLC v. Doe, 2018 WL 2371730, at *2 (S.D.N.Y. May 23,

6 2018) (quoting Malibu Media, LLC v. Doe, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016)).

7 See also In re Malibu Media Copyright Infringement Litig., 2016 WL 926906, at *4 (N.D. Cal.

8 Mar. 11, 2016) (citing Mt. Hope Church v. Bash Back!, 705 F.3d 418, 428 (9th Cir. 2012) ("[T]he

9 'undue burden' language is limited to harms inflicted by complying with the subpoena . . . ")).

10 Thus, Defendant only has standing to challenge the subpoena if he has a "personal right or

11 privilege with regard to the documents sought." Drummond, 2013 WL 6074157, at *15. Courts

12 that have considered a claim of privacy in conjunction with a motion to quash a subpoena in

13 similar copyright cases have balanced "the plaintiff's interest in identifying the defendant" against

14 "any privacy interest." Malibu Media, LLC v. Doe, 2016 WL 3383830, at *2 (N.D. Cal. June 20,

15 2016). While the subscriber of the IP address has some privacy interest in the information sought

16 from Comcast, that interest is outweighed by Plaintiff's need to vindicate its copyrights by

17 pursuing litigation of an alleged infringer. Id. (describing the subscriber's privacy interest as

18 "minimal at best") (citing Malibu Media, LLC v. Does 1-25, 2012 WL 2367555, at *2 (S.D. Cal.

19 June 21, 2012) and Third Degree Films, Inc. v. Does 1-108, No. 11-3007, at *2 (D. Md. Feb. 28,

20 2012). See also Malibu Media, LLC v. Doe No. 4, 2012 WL 5987854, at *3-4 (S.D.N.Y. Nov. 30,

21 2012) (noting that a party's privacy "must, in some instances, 'give way to plaintiff['s] right to use

22 the judicial process to pursue what appear to be meritorious copyright infringement claims'" and

23 that "granting Doe No. 4's motion to quash will effectively end the litigation as to Doe No. 4, as

24 Malibu will be unable to serve him"); Malibu Media, LLC v. John Doe subscriber assigned IP

25 address 24.90.139.137, 2016 WL 1651869, at *2-4 (S.D.N.Y. Apr. 26, 2016). That is particularly

26 true here where it is alleged that Defendant has effectively used his privacy interest to operate

27 anonymously on the Internet to hide copyright infringement. See Hard Drive Prods. v. Does 1-48,

28 2012 WL 2196038, at *4 (N.D. Ill. June 14, 2012) ("the First Amendment does not protect

United States District Court
Northern District of California

copyright infringement, and 'to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected'") (quoting <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 118 (2d Cir. 2010)).

Moreover, any threat to the subscriber's privacy is necessarily reduced because the Court has already included several safeguards in the order authorizing the subpoena and Plaintiff has unambiguously stated that it is willing to enter into a protective order to preserve the confidentiality of the subscriber information that will be produced by Comcast. At the hearing, the Court ordered the parties to do so.

While Rule 45 does not provide a shield for Defendant under these circumstances, Defendant also asks the Court to enter a protective order prohibiting the third-party discovery because he contends that it will expose him to embarrassment and prejudice by being named in a lawsuit that he asserts Plaintiff only brought in an effort to exact an early settlement before actually serving the complaint. In support of this argument, Defendant cites several cases that have expressed concerns about the potentially coercive nature of copyright infringement cases involving pornography, particularly where the plaintiff tries to use the mass joinder of defendants as a tool for leveraging settlements. <u>See</u>, <u>e.g.</u>, <u>MCGIP, LLC v. Does 1-149</u>, 2011 WL 4352110 (N.D. Cal. Sept. 16, 2011); <u>On The Cheap, LLC v. Does 1-5011</u>, 280 F.R.D. 500 (N.D. Cal. 2011); <u>Hard Drive Prods., Inc. v. Does 1-90</u>, 2012 WL 1094653 (N.D. Cal. Mar. 30, 2012); <u>Ingenuity 13 LLC v. Doe</u>, 2013 WL 765102 (C.D. Cal. Feb 7, 2013).

Plaintiff takes umbrage at Defendant's suggestion that it is using this lawsuit to encourage an early settlement from Defendant lest he risk being "named-and-shamed" in an amended complaint. Plaintiff's conduct in this case and the dozens of similar cases it has filed in this District suggest that the unsavory tactics of earlier copyright litigants discussed in the cases cited by Defendant are unlikely to come to fruition here. In reviewing the dockets for the other cases Plaintiff has brought in this District, the Court has identified several instances where Plaintiff has actively pursued its claims by serving the defendant after obtaining identifying information from the ISPs. <u>See</u> <u>Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.241.236.145</u>, Case No. 3:18-cv-01219-EMC; <u>Strike 3 Holdings, LLC v. John Doe subscriber assigned IP</u>

1    address 67.180.248.237, Case No. 3:17-cv-06663-JCS; <u>Strike 3 Holdings, LLC v. John Doe</u>

2    <u>subscriber assigned IP address 76.102.23.28</u>, Case No. 3:18-cv-00084-SK; <u>Strike 3 Holdings, LLC</u>

3    <u>v. John Doe subscriber assigned IP address 104.58.203.17</u>, Case No. 3:18-cv-01162-JCS; <u>Strike 3</u>

4    <u>Holdings, LLC v. John Doe subscriber assigned IP address 73.223.103.234</u>, Case No. 3:18-cv-

5    01173-TSH; <u>Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 73.202.38.174</u>,

6    Case. No. 4:17-cv-07010-DMR.  Thus, in contrast to parties that might simply file lawsuits to

7    encourage defendants to settle, Plaintiff appears to be following through with litigation.  Plaintiff

8    also represents that it never contacts defendants to make a settlement demand, but instead only

9    engages in contact with adverse parties when the defendant reaches out first.

10   There are other robust safeguards built into this Court's orders and the Federal Rules of

11   Civil Procedure that weigh against entering a protective order that would prohibit the Comcast

12   subpoena.  Under Rule 11, Plaintiff has an obligation to make allegations in good faith and is

13   prohibited from bringing claims "for any improper purpose" and must certify that "factual

14   contentions have evidentiary support."  Fed. R. Civ. P. 11(b).  While the Court is cognizant that an

15   IP address is not perfectly correlated to the identity of an alleged infringer because it is possible

16   for a third party to use a wireless network with or without the subscriber's permission, it is at least

17   if not more likely that the subscriber is responsible for the alleged infringement in this case where

18   Plaintiff has isolated 66 separate events where the same IP address was used to infringe its works.

19   The information provided by Comcast is likely to identify the alleged infringer or help Plaintiff

20   secure the identity of the alleged infringer by asking for the subscriber's help or conducting its

21   own further investigation of who might be using the IP address to access the BitTorrent protocol.

22   See <u>Malibu Media</u>, 2016 WL 3383830, at *2 ("Even if some third party, not the above-named

23   subscriber, is the proper defendant, the subpoena will reveal the identity of the subscriber, who

24   will likely have information helpful in identifying the true infringer."); <u>Malibu Media, LLC v.</u>

25   <u>John Does 1-6</u>, 291 F.R.D. 191, 197 (N.D. Ill. 2013) ("Even if, as the Putative Defendants

26   contend, someone else used their internet connections to copy and distribute [the plaintiff's] films,

27   the identity of IP address holders is relevant to [the plaintiff's] claims: it can provide a useful

28   starting point for identifying the actual infringer.").  The Ninth Circuit's recent decision in

United States District Court
Northern District of California

Cobbler Nevada, LLC v. Gonzalez, 2018 WL 4055766 (9th Cir. Aug. 27, 2018) ensures that Plaintiff will not be able to rely on a bare allegation that Defendant is the registered subscriber of the IP address associated with infringing activity.

Moreover, as noted above, the Court's order permitting the subpoena included numerous protections that were crafted to protect the identity of the ISP subscriber, including giving the subscriber notice of the subpoena, an opportunity to challenge the discovery, and an opportunity to proceed anonymously should Plaintiff file an amended complaint that names Defendant. Finally, as Defendant recognized in his opening brief, the copyright statute allows an award of attorney's fees and costs, which is a powerful disincentive for bringing unsupported claims. See 17 U.S.C. § 505.

In light of these significant protections and Plaintiff's need to obtain the subscriber information to pursue its copyright claims, Defendant has not shown that he will suffer undue burden or embarrassment if the subpoena to Comcast stands. Accordingly, the Court DENIES Defendant's motion to quash the subpoena. However, the Court has ordered the parties to meet and confer on a stipulated protective order that will adequately ameliorate Defendant's concerns about Comcast's production of the subscriber information and the ongoing litigation of this case.

## IV. CONCLUSION

For the foregoing reasons, the Court denies the motion to quash the third-party subpoena and orders Plaintiff to serve a copy of this order on Comcast.

**IT IS SO ORDERED.**

Dated: September 14, 2018

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge